IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHIAEL GREEN                                                        PLAINTIFF
ADC #82316

V.                                        NO.  5:08cv00265 BSM

ROY AGEE                                                             DEFENDANT

<u>ORDER</u>

On September 24, 2008, Plaintiff, a pro se inmate currently confined to the East

Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. §

1983 civil rights action (doc. 2) along with a separate application to proceed in forma

pauperis pursuant to 28 U.S.C. § 1915 (doc. 1).   Because Plaintiff's case must be

dismissed, in forma pauperis status need not be addressed.

**I.  Sua Sponte Dismissal**

Federal courts are required to screen prisoner complaints seeking relief against a

governmental entity or officer or employee of a governmental entity.  <u>Id</u>. § 1915A(a).  This

Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in

forma pauperis appeal of the judgment in a civil action, <u>at any time</u> either on its own motion

or on the motion of a party if it determines that the prisoner has, "on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury."  <u>Id</u>. § 1915(g).

Section 1915(g) has been held constitutional by <u>Higgins v. Carpenter</u>, 258 F.3d 797,

800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent

inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; <u>indigent inmates therefore control whether the three-strikes rule is ever applied to them</u>") (emphasis added).

## II.  28 U.S.C. § 1915(g) - Three Strikes Provision

Since 1989, Plaintiff, under the name "Michael" or "Michiael" has filed at least twenty-eight separate lawsuits in the United States District Court for the Eastern District of Arkansas, each challenging the conditions of his confinement.  Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had at least five prior complaints dismissed for failure to state a claim upon which relief could be granted.[1] Nine have been dismissed based on Plaintiff's prior three-strike history.[2]  Plaintiff has thus amassed five strikes prior to filing this action.

The Court recognizes that four of the five dismissals as strikes occurred prior to the Prison Litigation Reform Act's ("PLRA") enactment on April 26, 1996; however, pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g).  The merits of an inmate's underlying action are not changed

---

[1]  <u>See</u> <u>Green v. Gaines</u>, 5:89CV00512 (filed September 11, 1989); <u>Green v. Sargent</u>, 5:90CV00034 (filed January 16, 1990); <u>Green v. Coleman</u>, 5:92CV00664 (filed October 21, 1992); <u>Green v. Arkansas Parole Board</u>, 5:96CV00135 (filed March 8, 1996); and <u>Green v. Brewer</u>, 5:96CV00446 (filed July 16, 1996).

[2]  <u>See</u> <u>Green v. Lay</u>, 5:96CV00715 (filed November 27, 1996); <u>Green v. Lay</u>, 5:97CV00289 (filed June 30, 1997); <u>Green v. Berry</u>, 5:97CV00321 (filed July 16, 1997); <u>Green v. Fryder</u>, 5:97CV00391 (filed August 20, 1997); <u>Green v. Long</u>, 5:97CV00392 (filed August 20, 1997); <u>Green v. Bradberry</u>, 5:98CV00249 (filed June 16, 1998); <u>Green v. Luckett</u>, 5:01CV00099 (filed March 26, 2001); <u>Green v. Harris</u>, 5:04CV00200 (filed May 24, 2004); and <u>Green v. King</u>, 5:06CV00026 (filed February 8, 2006).

by § 1915(g); only an inmate's ability to file the action in forma pauperis is affected. Furthermore, to interpret the statute as only applying to actions commenced after the effective date of the PLRA would give every prisoner, regardless of the number of prior frivolous suits, three more opportunities to pursue frivolous actions without pre-paying any filing fees.  The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no longer prosecute a claim in forma pauperis.  See In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining his number of strikes); see also Ayers v. Norris, 43 F. Supp.2d 1039, 1044 n.4 (E.D. Ark. 1999), overruled on other grounds by Higgins, 258 F.3d at 800 (stating that § 1915(g)'s three strike provision does not have an impermissible retroactive effect; court properly counted four of inmate's pre-PLRA in forma pauperis complaints as strikes that had been dismissed as frivolous).[3]

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (doc. 2), that he is not in imminent danger of serious physical injury.  Plaintiff alleges that Defendant denied him contact visits from 2005 to 2008, erroneously placing

---

[3]  Many other Circuit Courts of Appeal agree that pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of Section 1915(g).  See Welch v. Galie, 207 F.3d 130, 131-32 (2d Cir. 2000) (per curiam); Ibrahim v. District of Columbia, 208 F.3d 1032, 1035-36 (D.C. Cir. 2000); Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam); Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999); Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 461-62 (5th Cir.1998); Wilson v. Yaklich, 148 F.3d 596, 602-04 (6th Cir. 1998); Keener v. Pennsylvania Bd. of Prob. & Parole, 128 F.3d 143, 144 (3d Cir. 1997) (per curiam); Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

him on "PREA" status.[4]  He further alleges that he was stabbed three times in both shoulders and once in the chest due to his "PREA" status at some point during these years, and after a transfer to the Brickey's Unit.  Plaintiff alleges he was transferred back to the Brickey's Unit on July 17, 2008, where the stabbing had taken place but was then transferred back to the Tucker Max where his "life is no longer in danger there."  Plaintiff is currently incarcerated at the East Arkansas Regional Unit.  As relief Plaintiff requests $50,000 in damages for the denial of contact visitation, $25,000 for the stabbing, and an evidentiary hearing to prove that his allegations are true.

### III.  Conclusion

For the reasons set forth herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE; and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case.  Upon receipt of the motion and full payment, this case will be reopened.

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 3rd day of October, 2008.

_Brian S. Miller_

UNITED STATES DISTRICT JUDGE

---

[4] According to the evidence attached to Plaintiff's complaint, Defendant had previously classified him as a "PREA" inmate (prison rapist?) in error.  Plaintiff is now classified as a sexual predator due to his history of disciplinaries "of the sexual nature."